## PAPADEMETRIOU v CENTRAL SAVINGS & TRUST CO et

Ohio Appeals, 9th Dist, Summit Co

No 2675. Decided Nov 25, 1935

Gottwald & Breiding, Akron, and A. R. Doak, Akron, for plaintiff.

John W. Bricker, Attorney General, Columbus, and Fred E. Renkert, Asst. Attorney General, Akron, for defendant S. H. Squire, Supt. of Banks, etc.

## OPINION

By STEVENS, J.

This cause is lodged in this court by an appeal from the Court of Common Pleas. Upon hearing no motion to dismiss the appeal having been made, the case proceeded upon appeal.

Plaintiff's action is for the recovery of a judgment against defendants in the sum of $5107.77, plus interest, alleged to be due her upon two certificates of deposit issued by the Central Savings & Trust Co., one of the banks later merged into the First-Central Trust Co.

In this court evidence was offered which showed conclusively that plaintiff was and is the owner and holder of said certificates, and that plaintiff and the payee named in said certificates are one and the same person; further that the endorsements appearing upon said certificates were placed there for the purpose of enabling a bank in Greece to effect collection thereon, that said bank did not collect the money due upon said certificates, and that they were thereupon returned to and have since been in the possession of plaintiff.

Under the evidence, the conclusion seems to us to be inescapable that plaintiff is entitled to a judgment for the face amount of said certificates, plus such interest thereon as may not have been paid up to the time when the defendant the First-Central Trust Co. was taken over for liquidation by the superintendent of banks.

On the question of plaintiff's claim to a preference, we are of the opinion that that question must be resolved against plaintiff, upon the authority of the decision of this court in the case of the Akron Coal Co. v Fulton, Supt., et al., and other cases, Nos. 2534, 2544, 2545, 2546, 2516, 2549 and 2553, decided this day.

Decree accordingly.

FUNK, PJ, and WASHBURN, J, concur in judgment.